UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA MERCIER,<br><br>              Plaintiff,<br>v.<br><br>GMAC MORTGAGE LLC, FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>              Defendants. | 3:11 - CV - 1379 (CSH) |

**RULING ON MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

**HAIGHT, Senior District Judge:**

**I.   BACKGROUND**

Plaintiff Rita Mercier ("plaintiff") brings the present negligence action against defendants GMAC Mortgage LLC and Federal Home Loan Mortgage Corporation ( "Freddie Mac") for injuries she sustained on August 1, 2009, when she fell through the basement floor of a residence located at 110 Hobart Street, Meriden, Connecticut.[1]   Specifically, she alleges that defendants "owned and/or

---

[1] Plaintiff commenced this action in Connecticut Superior Court, Judicial District of New Haven at Meriden.  Doc. #1-1 ("Complaint," dated July 28, 2011).   Defendant Freddie Mac then removed the action on September 1, 2011, to this Court on the grounds that "[s]ection 1452(f) of Title 12 of the United States Code provides, in pertinent part, that any civil action in a state court to which Freddie Mac is a party may at any time before trial be removed to the United States District Court for the district embracing the place where the action is pending."  Doc. #1 ("Notice of Removal"), ¶ 4.  *See* 12 U.S.C. § 1452(f)(3) ("any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation [*i.e.*, Freddie Mac] is a party may at any time before the trial thereof be removed by the Corporation . . . to the district court of the United States for the district and division embracing the place where the same is pending").

1

possessed and/or controlled and/or maintained" the residence at 110 Hobart Street. Doc. #1-1 ("Complaint"), First Count ¶ 3, Second Count ¶ 3. Moreover, due to the alleged negligence of one or both defendants, the basement floor was in a defective and dangerous condition, thereby causing it to collapse when she walked upon it as an invitee on the premises. *Id.*, First Count, ¶¶ 5-6, Second Count, ¶¶ 5-6. Plaintiff maintains that, as a result of said negligence, she "suffered serious injuries, losses, and damages," including, *inter alia*, "contusions, abrasions and bruising" of her "[l]eft leg and knee," "[e]xacerbation of pre-existing back pain," "[l]umbar spine strain and sprain," medical expenses for surgical, nursing and hospital treatment, loss of the ability to "carry on and enjoy all of life's activities," and "los[t] time and wages from her employment," all totaling in excess of $15,000. *Id.*, First Count, ¶¶ 7-10, Second Count, ¶¶ 7-10, & p. 10 ("Statement of Demand).

## II.     PENDING MOTION

Pending before the Court is defendant Freddie Mac's motion for leave to serve a third-party complaint on Coldwell Banker Calabro Associates ("Coldwell") on the basis of an express indemnity provision contained in a listing agreement between Freddie Mac, as prospective "Seller," and Coldwell, as "Broker" of the premises at 110 Hobart Street. Doc. #31-1, p. 3 (¶ 4). In particular, Freddie Mac has represented that Section 1 of the listing agreement for the "subject property" provides that "Broker agrees to indemnify Seller and hold Seller harmless from and against any and all claims, demands, and causes of action made by any person or entity as a result of . . . the acts or omissions of Broker . . . with respect to the listing, management, maintenance, marketing or

sale of the property."[2] *Id.* Moreover, with respect to any "claim or demand [for which] Broker has agreed to indemnify Seller or hold Seller harmless, then upon demand from Seller, Broker shall be obligated to retain counsel at Broker's expense to defend Seller from said claims or demands." *Id*.

### III. DISCUSSION

The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 477 (D.C. Cir.1976), *cert. denied*, 434 U.S. 1086 (1978). Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[3]

In general, "[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." 6 Charles Alan Wright & Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1446, at 377 (3d ed. 1971); *see Siemens Westinghouse Power Corp. v. Dick Corp*, 299 F. Supp. 2d 242, 248 (S.D.N.Y. 2004) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability

---

[2]Pursuant to Section 1 of the listing agreement, Coldwell, as "Broker," also agrees to indemnify "Seller" for the acts of omissions of its "agents, sales assistants, or employees" and/or "any person or entity retained by Broker to provide labor or provide services at the Property." Doc. #31-1, p. 3(¶ 4).

[3]*See also Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir.2000) (in general, to sustain an impleader action, third-party defendant "must be liable secondarily to the original defendant" for all or part of the plaintiff's recovery of "liability asserted against the defendant")(internal quotations and citation omitted).

asserted against him by the original plaintiff. In other words, the outcome of the third-party claim must be contingent on the outcome of the main claim[.]") (internal quotations and citations omitted). Thus, "[t]he secondary or derivative liability notion is central," such that impleader is often successfully used "when the basis of the third-party claim is indemnity." Federal Practice and Procedure § 1446, *supra; see, e.g.*, *U. S. v. Farr & Co.*, 342 F.2d 383, 386-87 (2d Cir. 1965).

In the case at bar, defendant Freddie Mac has represented that contractually Coldwell was responsible for the "listing, management, maintenance, marketing or sale" of the property located at 110 Hobart Street. Doc. #31-1, p. 3 (¶ 4). Moreover, Freddie Mac contends that, pursuant to the express indemnification clause in Coldwell's listing agreement for said property, "[i]f the premises where the incident allegedly occurred was dangerous and defective due to defective flooring in the basement . . . it was due to the negligence" of Coldwell. *Id.* Accordingly, defendant Freddie Mac seeks to bring a third-party action against Coldwell for both contractual and common law indemnification. *Id.*, p. 1 - 4 (proposed "Third Party Complaint"). Because defendant Freddie Mac seeks to implead Coldwell on the basis of an indemnification agreement, the Court finds Freddie Mac's request to file and serve a third-party complaint against Coldwell proper under Rule 14(a)(1).

Furthermore, at the preliminary stage of these proceedings (with discovery not scheduled to expire till August 30, 2012), the Court notes that neither plaintiff nor Coldwell will suffer undue delay or prejudice by the addition of Coldwell as a third-party defendant at this time.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Court hereby grants defendant Freddie Mac's "Motion

to Bring In a Third Party Defendant." (Doc. #31).   Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, Freddie Mac may serve a summons and its third-party complaint upon Coldwell forthwith and efile said third-party complaint on or before May 29, 2012.

It is SO ORDERED.

Dated: New Haven, Connecticut
May 11, 2012

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge