UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA MERCIER,<br><br>                    Plaintiff,<br>       v.<br><br>GMAC MORTGAGE LLC, FEDERAL<br>HOME LOAN MORTGAGE<br>CORPORATION,<br><br>                    Defendants. | 3:11 - CV - 1379 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

The Court acknowledges that defendant GMAC Mortgage, LLC ("GMAC") has filed a Notice of Bankruptcy (Doc. #35). In accordance with 11 U.S.C. § 362(a), an automatic stay of these proceedings against GMAC has thus gone into effect. Specifically, upon GMAC's filing of a Chapter 11 petition in bankruptcy on May 14, 2012, that filing "operate[d] as a stay, applicable to all entities, of– . . . the commencement or continuation . . . *of a judicial*, administrative, or other *action or proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (emphasis added).

Generally, the automatic stay is limited to debtors and does not encompass non-bankrupt co-defendants. *See Teachers Ins. & Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *see also Thomson Kernaghan & Co. v. Global Intellicom, Inc.,* Nos.

1

99 Civ. 3005(DLC), 99 Civ. 3015(DLC), 2000 WL 640653, at *14  (S.D.N.Y. May 17, 2000) (except in "unusual circumstances," "Section 362 limits the extension of an automatic stay to a proceeding against the debtor" – *i.e.*, does not encompass non-bankrupt co-defendants); *In re Metal Center*, 31 B.R. 458, 462 (D.Conn. 1983) ("Generally, the automatic stay does not apply to proceedings against nondebtors.").[1]  "Chapter 11 . . . contains no provision to protect non-debtors who are [or may be] jointly liable on a debt with the debtor." *Teachers Ins. & Annuity Ass'n of America*, 803 F.2d at 65.

There are, however, limited  and unusual exceptions to this rule. Some courts have recognized that extension of the stay to a non-bankrupt co-defendant is proper if the extension "contributes to the debtor's efforts to achieve rehabilitation" or the debtor and non-bankrupt co-defendant are closely  related.  *See, e.g.,  Teachers Ins. & Annuity Ass'n of America*, 803 F.2d at 65; *In re Johns-Manville Sales Corp*, 33 B.R. 254, 263-64 (S.D.N.Y. 1983).   For example, a stay may be extended to a non-bankrupt co-defendant if there are "unusual circumstances" in that the debtor and co-defendant are so closely related that the "debtor may be said to be the real party defendant" and that a judgment against the nondebtor co-defendant "will in effect be a judgment or finding against the debtor." *Matter of S.I. Acquisition, Inc.*,  817 F.2d 1142, 1147-48 (5th Cir. 1987); *see also In re Metal Center*, 31 B.R. at 462 ("Where. . . a debtor and a nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the

---

[1] *See also Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4-5 (1st Cir.1983), *cert. denied*, 463 U.S. 1247  (1983) ("the Bankruptcy Court was correct in deciding that the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor"); *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir.1983) (*per curiam*) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants.").

Congressional intent to provide relief to debtors [through the automatic stay] would be frustrated by permitting indirectly what is expressly prohibited in the Code.").

In the case at bar, there is no indication that either exception applies. Specifically, plaintiff alleges no specific relationship between GMAC and co-defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"). Rather, plaintiff describes each defendant as a separate entity with its own principal place of business. She alleges that GMAC is "a foreign limited liability engaging in business in Connecticut, with a principal place of business at 1100 Virginia Drive, in the city of Fort Washington, in the Commonwealth of Pennsylvania." Doc. #1-1, First Count, ¶ 2. She then alleges that Freddie Mac is "a foreign corporation engaging in business in the State of Connecticut, with a principal place of business of 5000 Plano Parkway, in the City of Carrollton, in the State of Texas." *Id.*, Second Count, ¶ 2.

Plaintiff does, however, maintain that both GMAC and Freddie Mac possessed or maintained control over the residence in which she was injured. She alleges that GMAC "owned and/or possessed and/or controlled and/or maintained a residence known as 110 Hobart Street, which is located in the City of Meriden." *Id.*, First Count, ¶ 3. She also asserts that Freddie Mac "possessed and/or controlled and/or maintained a residence known as 110 Hobart Street, which is located in the City of Meriden." *Id.*, Second Count, ¶ 3.

In order to make a final and informed determination as to whether the bankruptcy stay should also encompass co-defendant Freddie Mac, and thus third party defendant Coldwell Banker Calabro Associates ("Coldwell"), the Court hereby ORDERS that any party who wishes to assert that the stay should also include co-defendant Freddie Mac and/or Coldwell shall submit a brief to that effect on or before **June 29, 2012.** Any such brief should support the extension of the stay on the grounds

that either: (1) such extension will assist GMAC in restructuring its debt and/or (2) Freddie Mac is "so closely related" to GMAC that GMAC will be the real party in interest should the case be allowed to proceed against Freddie Mac and Coldwell. If the parties fail to file such briefs by the requisite deadline or the Court finds no adequate basis in the briefs to extend the stay, the case shall proceed, as scheduled, as to defendant Federal Home Loan Mortgage Corporation and third party defendant Coldwell Banker Calabro Associates.

      It is SO ORDERED.

Dated: New Haven, Connecticut
       May 21, 2012

      /s/ *Charles S. Haight, Jr.*
      Charles S. Haight, Jr.
      Senior United States District Judge